Francisca Cristina Morales, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1040.—*Sometido:* Febrero 8, 1939. *Resuelto:* Marzo 27, 1939.

*José Oliver Sabater*, abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La recurrente en este caso emitió en 20 de octubre de 1938 un pagaré hipotecario al portador, por la suma de $600, garantizándolo con hipoteca sobre una finca urbana en Mayagüez. En la escritura de hipoteca se hizo constar, entre otras, la siguiente condición:

"(*d*) El préstamo contraído ha sido para mejorar la propiedad hipotecada y por ministerio de ley estará exenta la deudora de alegar en el futuro cualquier defensa de Hogar Seguro por ejecución futura de esta hipoteca, lo que hace constar la deudora, como cuestión resolutiva de este contrato."

Presentada al registro la escritura, practicó el registrador su inscripción en cuanto a la hipoteca, pero la denegó en cuanto a la condición (*d*) supra, por medio de la siguiente nota:

"Se hace constar que esta inscripción se deniega en cuanto a la cláusula letra (*d*) consignada en el documento porque la escritura no comprende la celebración de un contrato previo de préstamo y porque el derecho de hogar seguro no es hipotecable de acuerdo con la ley y la jurisprudencia."

Por el presente recurso se solicita la revocación de dicha nota.

De acuerdo con lo dispuesto en la sección 2 de la Ley núm. 87 de mayo 13 de 1936 ((1) pág. 461), el derecho de

hogar seguro puede ser embargado y vendido en ejecución de sentencia cuando la deuda que se cobra es parte del precio de adquisición o compra del inmueble o fué contraída para hacer mejoras en la propiedad. Las partes contratantes en un contrato de préstamo con garantía hipotecaria pueden estipular, sin que a ello se oponga ley alguna, que la cantidad tomada a préstamo será dedicada a reparaciones o mejoras en la finca hipotecada y que una vez invertida dicha suma de acuerdo con lo estipulado el deudor no podrá invocar el derecho de hogar seguro en caso de ejecución de la garantía hipotecaria. Opinamos, sin embargo, que no obstante el que las partes hayan estipulado que la cantidad tomada a préstamo habrá de ser invertida en reparaciones o mejoras en la finca hipotecada, el prestatario podrá invocar con éxito su derecho de hogar seguro, en caso de ejecución de la garantía hipotecaria, si probare a satisfacción del tribunal que la cantidad tomada a préstamo no fué realmente usada para los fines estipulados y que la estipulación tuvo como único objeto el de encubrir una renuncia del derecho de hogar seguro, prohibida por la ley que declara dicho derecho irrenunciable.

■ El primer fundamento de la nota recurrida carece a nuestro juicio de méritos. Es cierto que la escritura de hipoteca en garantía de un pagaré hipotecario al portador no es un contrato bilateral en el momento de su otorgamiento, ni puede ser considerada como tal hasta que el pagaré haya sido negociado por el deudor mediante su entrega a la persona que a su vez le entrega el importe del préstamo. Pero tan pronto como el deudor recibe el importe del préstamo y el acreedor acepta el pagaré, como evidencia de la deuda, la oferta contenida en la escritura de hipoteca se convierte en un contrato válido y obligatorio para una y otra parte contratante.

■ El artículo 153 de la Ley Hipotecaria, según fué enmendado por la Ley núm. 33 de 7 de marzo de 1912 (Leyes

de ese año, página 70) autoriza la emisión de pagarés hipote-carios sin determinación específica del nombre del acreedor, pudiendo ser emitidos genéricamente a la orden de la persona a favor de la cual los documentos puedan ser transferidos o endosados por el deudor hipotecario. Y no vemos razón alguna de carácter legal o moral que pueda obligarnos a sostener que la inserción en el pagaré o en la escritura de hipoteca de una estipulación como la consignada en la cláusula letra (d) supra es contraria a derecho.

El segundo fundamento de la nota recurrida es igualmente insostenible. No encontramos nada en la escritura que motivó la nota recurrida que pueda ser interpretado como una hipoteca del derecho de *homestead*. Lo único que hace la deudora es estipular que el dinero que espera recibir de la persona que adquiera el pagaré le es necesario *"para reparar y modificar la casa que enclava en el solar."* Y la consecuencia legal de tal estipulación es impedir que la deudora invoque el derecho de hogar seguro en caso de ejecución.

*La nota recurrida debe ser revocada, debiendo proceder el registrador a practicar la inscripción solicitada.*